**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:07-cr-30-T-30EAJ

HUMBERTO PALANECIA-VACA

**ORDER**

THIS CAUSE comes before the Court upon Defendant's "Motion to Dismiss Under That Congress Lacks Constitutional Authority to Reach Drug Crimes in Foreign Waters" (Dkt. #167). This is another motion prompted by a misreading of *United States v. Bellaizac-Hurtado*, 700 F. 3d 1245 (11th Cir. 2012). In his motion, Defendant claims this Court did not have jurisdiction to reach drug crimes committed in foreign waters. But Defendant was not located in foreign waters at the time of his arrest.

In his plea agreement (Dkt. #35), Defendant admitted the following facts:

On or about January 27, 2007, two United States maritime patrol aircraft (MPA) located a go fast vessel approximately fifty-seven nautical miles southwest of the Guatemala and El Salvador land border, in international waters. The two MPA remained on scene and guided the United States Coast Guard Cutter (USCGC) MORGENTHAU to the go-fast vessel.

The United States recognizes territorial seas of foreign nations up to twelve nautical miles adjacent to foreign coasts. *See U.S. v. McPhee*, 336 F. 3d 1269, 1273 (11th Cir. 2003). Since Defendant was apprehended in international waters, he was subject to the jurisdiction of U. S. Courts.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's "Motion to Dismiss Under That Congress Lacks Constitutional Authority to Reach Drug Crimes in Foreign Waters" (Dkt. #167) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of July, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2007\07-cr-30 mtd 167 Vaca.docx